### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

**Joseph Panarello**

   **v.**                                                                        09-cv-147-PB

**Amy Collins, et al.**

### O R D E R

This case was removed pursuant to 28 U.S.C. § 1441(b). (Notice of Removal, Doc. No. 1.)  Removal on this basis was not proper because all defendants did not consent to the removal of the action.  See, e.g., Chicago R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900); Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970).  Removal of the action was not proper under 28 U.S.C. § 1441(c) because the removable claims are not "separate and independent" from the allegedly non-removable claim.  14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3724 (3d ed. 1998). Moreover, § 1441(c) requires removal of the "entire case."  It is not proper to remove only selected claims.  See Ledoux v. Rolls

Royce Corp., 2005 WL 1831368 (W.D. La. July 27, 2005) (stating that removal of only selected claims from a state court action is not permitted). Nor do I view a removal of some but not all claims in an underlying action to be a mere procedural defect. Instead, this improper type of removal undermines the court's ability to resolve the case and raises serious problems that could be presented when a case is improperly split between a state and federal court.

Because the case was improperly removed, it shall be remanded to state court.

SO ORDERED.

> /s/Paul Barbadoro
> Paul Barbadoro
> United States District Judge

July 24, 2009

cc: Nancy J. Smith, Esq.
    Charles G. Douglas, III, Esq.
    Charles P. Bauer, Esq.